**In re Kelli M. O'BRIEN**

**No. 03 CV 9531(SCR).**

United States District Court, S.D. New York.

Aug. 27, 2004.

Michael D. Pinsky, Goshen, NY, for Appellant.

Antonia M. Donohue, Jaspan, Schlesinger, Hoffman, LLP, Garden City, NY, for Appellee.

**MEMORANDUM DECISION AND ORDER**

ROBINSON, District Judge.

### I. *BACKGROUND:*

On or about June 28, 1995, Kelli M. O'Brien (the "Appellant")[1] obtained a certain education loan in the principal amount of $15,325.29 (the "Loan"), which was funded by Key Bank, as part of a Law Access Loan Program (the "Program"). The Loan to the Appellant was guaranteed by First Marblehead Education Resources, Inc. f/k/a The Education Resources Institute a/k/a TERI (collectively referred to herein as "Appellee"). Thereafter, the Appellant, an attorney, defaulted on the payment of the Loan. At some point after the Appellant's default, the Appellee satisfied its guarantee obligations and paid Key Bank the outstanding monies that were

---

1. It should be noted that the Appellant is represented in this matter by Michael D. Pinsky, Esq. At the oral argument on the Appellant's Motion, Mr. Pinsky disclosed to this Court that he and the Appellant are law partners at the law firm of Pinsky & O'Brien.

owed by the Appellant and took possession of the note. On or about May 30, 2002, the Appellant filed a bankruptcy petition seeking relief pursuant to Chapter 7 of the United States Bankruptcy Code. The Appellant received a discharge on or about September 28, 2002 and thereafter commenced an adversarial proceeding seeking a declaratory judgment that the Loan, which was guaranteed by the Appellee, is dischargeable pursuant to 11 U.S.C. § 523(a)(8) ("§ 523(a)(8)"). That section of the Bankruptcy Code provides that a discharge of a debtor pursuant to particular sections of the Bankruptcy Code does not discharge that debtor from any debt:

> for an educational benefit overpayment or *loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution,* or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

§ 523(a)(8) (emphasis added).

On or about May 27, 2003, the Appellee filed a motion for partial summary judgment[2], which was granted by United States Bankruptcy Judge Cecelia Morris on or about October 10, 2003 (the "Bankruptcy Decision"). In opposition to that motion, the Appellant argued to the Bankruptcy Court that a program guaranteed by a non-profit institution, such as the Appellee, fell outside the exception to discharge in § 523(a)(8) because in order to "fund" a loan, the creditor must actually provide or disburse funds directly to the borrower, not act as a mere guarantor of those funds. The Bankruptcy Court rejected this argument and found that the language of § 523(a)(8) was not intended to be exclusive. Therefore, the Bankruptcy Court determined that the term "guaranteed" should not be assumed to have been omitted from § 523(a)(8). Further, the Bankruptcy Court found that without the Appellee's guarantee Key Bank would not have loaned the funds to the Appellant and concluded that the guarantee provided a meaningful part in the provision of funds such that the Appellee should be considered to have "funded" the Loan. The Bankruptcy Decision is reported at 299 B.R. 725 (Bankr.S.D.N.Y.2003).

The Appellant filed an appeal to this Court of the Bankruptcy Decision (the "Appellant's Appeal"). The Appellant's Appeal addresses the issue of whether the Bankruptcy Court erred in holding that the Loan, which was guaranteed by the Appellee, was non-dischargeable pursuant to § 523(a)(8) as a matter of law. More particularly, the Appellant claims that the Loan should be dischargeable because the guarantee by the Appellant did not constitute a "funding" pursuant to § 523(a)(8). In support of her appeal, the Appellant filed a brief (the "Appellant's Brief"), the Appellee filed a responsive brief (the "Appellee's Brief"), and the Appellant filed a reply brief ("Appellant's Reply").

## II. *STANDARD OF REVIEW:*

A district court's jurisdiction to review appeals from bankruptcy court orders is

---

**2.** Rule 56(c) of the Federal Rules of Civil Procedure, which was made applicable to the adversary proceeding before the Bankruptcy Court through Bankruptcy Rule 7056, permits summary judgment to be granted to a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, to-gether with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), *Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

governed by 28 U.S.C. § 158(a), which grants jurisdiction for a district court to hear an appeal from a bankruptcy court's final judgment, order or decree. When reviewing an appeal from a bankruptcy court's final order, the district court reviews the bankruptcy court's findings of fact for clear error. *See e.g. In re Adler, Coleman Clearing Corp.*, 263 B.R. 406, 423 (S.D.N.Y.2001). By contrast, a *de novo* standard of review applies to questions of law. *See e.g. In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir.1999). With respect to mixed questions of law and fact, the Court must review findings of fact under the clearly erroneous standard and the conclusions of law *de novo*. *In re United States Lines, Inc.*, 197 F.3d 631, 640–41 (2d Cir.1999). Accordingly, this Court should review any of Judge Morris's findings of fact using the clear error standard, and any of Judge Morris's findings of law using the de novo standard.

## III. *ANALYSIS:*

With respect to the facts of this case, the Appellant failed to submit the required Local Bankruptcy Rule 7056–1(b) Statement[3] to the Bankruptcy Court, while the Appellee did so in a timely fashion. Thus, the Bankruptcy Court found that the Appellee was deemed to have admitted the material facts in the Appellee's 7056–1 Statement. (Bankruptcy Decision at 727) (citing *Sanders–Langsam Tobacco Co., Inc. v. Chemical Bank (In re Sanders–Langsam Tobacco, Co., Inc.)*, 224 B.R. 1 (Bankr.E.D.N.Y.1998) (Cyganowski, J.); *Tillman v. Mason (In re C. Vernon Mason)*, 191 B.R. 50, 53 (Bankr.S.D.N.Y.

1996)). This Court has reviewed the Bankruptcy Decision, as well as the Appellant's Brief, Appellee's Brief and Appellant's Reply. Neither the Appellant nor the Appellee has challenged the factual determinations of the Bankruptcy Decision. Further, this Court does not find any reason that would suggest that the Bankruptcy Court's findings with respect to the factual elements of this case are "clearly erroneous." Accordingly, this Court accepts the findings of fact as determined by the Bankruptcy Court. Having determined that none of the Bankruptcy Court's findings of fact were clearly erroneous, this Court must perform a *de novo* review of the legal conclusions of the Bankruptcy Court.

■ The Bankruptcy Court decided that "[t]he construction of [§ 523(a)(8) ] is purely a question of law and thus the instant controversy is properly considered on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings through Bankruptcy Rule 7056." (Bankruptcy Decision at 728). The Appellant has not challenged the Bankruptcy Court's procedural determination that the issue should be decided as a matter of law; only the substance of the Bankruptcy Court's legal interpretation. This Court agrees with the Bankruptcy Court's conclusion that this issue should properly be decided as a matter of law.

As stated above, the only legal issue before the Bankruptcy Court was an interpretation of the statutory language of § 523(a)(8). Specifically, the issue was

---

**3.** Local Bankruptcy Rule for the Southern District of New York 7056–1 provides: (a) upon any motion for summary judgment pursuant to Bankruptcy Rule 7056, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no

genuine issue to be tried. Failure to submit the statement shall constitute grounds for denial of the motion; (b) papers opposing a motion for summary judgment shall include a separate, short and concise statement of each material fact as to which it is contended that there is a genuine issue to be tried.

"whether a nonprofit institution that has guaranteed an education benefit loan can be granted a nondischargeability determination under the terms of § 523(a)(8)." (Bankruptcy Decision at 728). The parties have not raised any additional issues in connection with the Appellant's Appeal. Thus, there is only one legal question before this Court—whether the Bankruptcy Court properly interpreted the statutory language of § 523(a)(8). Based upon that question, two separate issues emerge for this Court to consider. First, did the Appellee "fund" the Loan in the case at bar; and second, if not, should the term "guarantee" from the first clause of § 523(a)(8), regarding exclusively governmental loan programs, be read into the second clause, which includes non-profit institutions as well as governmental units.

■  With respect to the first issue, the question of whether the Appellee "funded" the Loan, it should be noted that § 523(a)(8) applies not just to the funding of individual loans, but to the funding of loan programs. More particularly, the plain language of § 523(a)(8) states that dischargeability apples to any loan "made under any *program funded* in whole or in part by a governmental unit or *nonprofit institution*[.]" *Id.* (emphasis added). The Appellant argues that § 523(a)(8) does not apply to the current case and the Loan should be dischargeable because the Loan was not "funded" by the Appellee, but was "guaranteed" by it. The Bankruptcy Court rejected this argument, relying heavily on an unpublished decision by former United States Bankruptcy Judge James L. Garrity, Jr., which addressed an issue directly on point to the case at bar. *See Adam H. Klein v. The Education Resources Institute (In re Klein)*, Ch. 11 Case No. 92-B-44249, Adv. No. 96-8828A (S.D.N.Y. April 29, 1997). The *Klein* Court interpreted the two clauses of

§ 523(a)(8) to deal with different issues: "The first clause deals solely with loans guaranteed or insured by governmental units. The second clause has a broader and different focus since it encompasses governmental units and nonprofit institutions and *focuses on loan programs and not on particular loans.*" *Id.* at 8 (emphasis added). Thus, in *Klein*, the bankruptcy court reasoned that "funded" had a "concomitantly broad and inclusive meaning, which embraced a loan guaranteed by a nonprofit institution." *Id.* Further, in *Educ. Res. Inst., Inc. v. Hammarstrom (In re Hammarstrom)*, 95 B.R. 160, 165 (Bankr.N.D.Cal.1989), a bankruptcy court in the Northern District of California stated that: "Congress intended to include within § 523(a)(8) all loans made under a program in which a *nonprofit institute plays any meaningful part* in providing funds." *Id.* at 165 (emphasis supplied). The Court in *Klein* held that the guarantee of the loan constituted a "meaningful part in providing funds" and thus a guaranteeing nonprofit institution could be considered to have "funded" the educational loan. *Klein* at 8–9.

■  Although neither *Klein* nor *Hammarstrom* is binding legal precedent for this Court, the reasoning of those decisions is highly persuasive and the Appellant's argument that the Appellee did not "fund" the Loan fails on two levels. First, the language of § 523(a)(8) focuses on loan programs, not individual loans. There is no dispute that the Appellant's Loan was funded through a program, the Program, which was funded by a nonprofit institution, the Appellee. Specifically, Key Bank made the loan to the Appellant as part of the Program, by which Key Bank's loans were guaranteed by the Appellee. To support its motion for summary judgment before the Bankruptcy Court, the Appellee presented an affidavit from Michael Beat-

ty, Esq., counsel for the Appellee, (the "Beatty Affidavit"). In the Beatty Affidavit, Mr. Beatty affirms that Key Bank would not have loaned the funds to the Appellant without the guarantee from Appellee. (Beatty Affidavit at ¶ 7 and ¶ 8). The Appellant has not disputed that the Loan would not have been made in the absence of that guarantee. Second, in the case at bar, the Appellee actually did "fund" money when the Appellant defaulted on her obligation to repay the Loan. Following that default, the Appellee advanced money to Key Bank in accordance with its obligations under the Program and its guarantee thereof. Accordingly, this Court finds that the Appellee's guarantee played a meaningful part in the funding of the Loan to the Appellant through the Program. Thus, the Loan was "funded" by the Appellee within the meaning of that term pursuant to § 523(a)(8) and is nondischargeable thereunder.

Having found that the Appellee "funded" the Loan and the Program within the meaning of § 523(a)(8), this Court need not address the question of whether Congress intended for specific guarantees, made by non-profit institutions, to be exempt from discharge and whether the term "guarantee" should be read into the second clause of § 523(a)(8).

### IV. *CONCLUSION:*

Based upon a *de novo* review of § 523(a)(8), the Bankruptcy Decision, the Appellant's Brief, the Appellee's Brief and the Appellant's Reply, this Court finds that the Bankruptcy Court properly interpreted § 523(a)(8). Accordingly, the Appellant's Appeal is denied and the Clerk of the Court is directed to close this matter.

It is so ordered.