PER CURIAM.
Introduction
This case presents a declaratory judgment action in which plaintiff-appellant-debtor seeks discharge of a debt owed to defendant-appellee-creditor. Specifically, Plaintiff-appellant disputes the lower courts’ findings that her debt on law school loans under the Law Access Loan Program cannot be discharged in bankruptcy. In our view, the statute renders plaintiff-appellant’s loan non-dischargeable; we now affirm.
Background
In 1995, pursuant to the Law Access Loan Program, O’Brien received the student loan now at issue from Key Bank in the amount of approximately $15,000. The loan was guaranteed by defendant-ap-pellee-creditor The Education Resources Institute (“TERI”), a not-for-profit corporation that conditionally guarantees loans extended by private lenders under TERI’s student loan programs. While TERI asserts that the loan would not have been made without its guarantee, there is no dispute that TERI did not provide any of the funds advanced to O’Brien by Key Bank.
After graduating from law school and practicing as a public interest lawyer, O’Brien defaulted on the loan. As a result, TERI’s guarantee of the loan came into play; TERI paid Key Bank the outstanding balance due on the loan and, as the new holder of O’Brien’s note, became O’Brien’s creditor. The note specifically states that the “Promissory Note evidences an educational loan made pursuant to a loan program funded in part by a nonprofit institution and is therefore subject to the limitations on dischargeability contained in Section 523(a)(8) of the United States Bankruptcy Code.”
On these facts, the bankruptcy court found that the loan could not be discharged because 11 U.S.C. § 523(a)(8) rendered the loan non-dischargeable. In re O’Brien, 299 B.R. 725 (Bankr.S.D.N.Y.2003). Specifically, the bankruptcy court found that “the word ‘funded’ ” in § 532(a)(8) encompasses “ ‘any meaningful contribution’ to the provision of the loan, including the guarantee of the loan.” Id. at 730. The bankruptcy court reached this decision in large part by choosing to follow the reasoning of another bankruptcy court decision involving a similar student debt to TERI—Klein v. The Education Resources Institute (In re Klein), CH. 11 Case No. 92-B-44249, Adv. No. 96-8828A (S.D.N.Y. Apr. 29, 1997).
In a thoughtful opinion by Judge Robinson, the district court affirmed the bankruptcy court’s decision for two reasons. In re O’Brien, 318 B.R. 258 (S.D.N.Y.2004). First, the district court noted that “the language of § 523(a)(8) focuses on loan programs, not individual loans. There is no dispute that the Appellant’s Loan was funded through a program ... which was funded by a nonprofit institution, the Appellee.” Id. at 262. Second, the district court found that TERI “actually did ‘fund’ money when the Appellant defaulted on her obligation to repay the Loan.” Id. at 263. Following the default, TERI paid Key Bank in accordance with its obligations. The district court thus determined that TERI’s guarantee played *106 a meaningful part in the funding of the Loan to the Appellant through the Program. In essence, the Loan was funded by TERI within the meaning of that term pursuant to § 523(a)(8) and was non-dis-chargeable. Id.
Discussion
Title 11 U.S.C. § 523(a)(8) provides:
(a) A discharge under ... this title does not discharge an individual debtor from any debt-
(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution ....
O’Brien’s core argument is that TERI merely guaranteed, rather than funded, O’Brien’s loan, and that as such O’Brien’s debt on the loan is dischargeable. O’Brien highlights the fact that the first clause of § 523(a)(8)' — a clause that both parties agree is inapplicable to the current case— covers loans “made, insured or guaranteed by a governmental unit.” O’Brien contrasts that language with the terms of the second clause of the section, pointing out that where the first clause uses the term “guaranteed,” the second uses only the term “funded.” On this basis, O’Brien concludes “that Congress excluded the term ‘guaranteed’ from the second clause of § 523(a)(8) for a reason. [W]here the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded.” Appellant Br. at 15 (internal quotations omitted). O’Brien’s argument has an initial appeal to it but cannot carry the day.
Section 523(a)(8) does not require that TERI fund O’Brien’s loan in order for that section to be applicable. Rather, § 523(a)(8) requires only that O’Brien’s loan was “made under any program funded in whole or in part by” TERI. While it may be true that TERI merely guaranteed, without funding, O’Brien’s particular loan, it is an entirely different question whether TERI funded the loan program under which O’Brien’s loan was made. The district court found that TERI had indeed funded the Law Access Loan Program, In re O’Brien, 318 B.R. at 263; we agree.
The district court noted that it is undisputed that O’Brien’s loan was made through a program that in turn was funded by a nonprofit institution. Id at 262. Similarly, TERI’s uncontested description of its relationship with the Law Access Loan Program strongly suggests that TERI funded the program. TERI was clearly devoting some of its financial resources to supporting the program. See Klein, No. 92-B-44249, slip. op. at 12 (S.D.N.Y. Apr. 29, 1997) (concluding that TERI funded program by guaranteeing loans made pursuant thereto). We also note that the Promissory Note for O’Brien’s loan itself stated that it “evidences an educational loan made pursuant to a loan program funded in part by a nonprofit institution and is therefore subject to the limitations on dischargeability contained in Section 523(a)(8) of the United States Bankruptcy Code.”[2]
None of the cases discussed by either party are to the contrary. The earliest case of clear relevance is The Education Resources Institute, Inc. v. Hammarstrom (In re Hammarstrom), 95 B.R. 160 (Bankr.N.D.Cal.1989). Hammarstrom involved a similar fact pattern to that before us with one significant difference: in Hammarstrom, a private bank extended a *107 loan to the debtor, and the bank then immediately sold the loan to a nonprofit, which then held the debt. O’Brien argues that Hammarstrom involves a fact pattern in which a nonprofit in essence supplied the funds extended to the debtor. O’Brien thus contends that Hammarstrom was right on its facts, but that the Hammar-strom court’s conclusion that “Congress intended to include within section 523(a)(8) all loans made under a program in which a nonprofit institution plays any meaningful part in providing funds” is mere dicta. Hammarstrom, 95 B.R. at 165.
O’Brien has significantly more trouble differentiating a 1997 bankruptcy case already briefly mentioned above: Klein, No. 92-B-44249 (S.D.N.Y. Apr. 29, 1997). Klein involves virtually identical facts to the case now before us. Indeed, O’Brien does not meaningfully attempt to differentiate Klein, but rather points out that we are not bound by it. O’Brien argues that we should not follow Klein because it relied on the broad language of Hammar-strom noted above. Klein is congruent with the district court’s analysis in this case.
As with Klein, O’Brien attacks another case, HEMAR Serv. Corp. of America v. Pilcher (In re Pilcher), 149 B.R. 595 (9th Cir.BAP1993), simply on the basis that HEMAR should not have relied on Ham-marstrom ’s so-called dicta. But Pilcher is clear, and clearly on point, holding specifically that loans pursuant to the Law Access Loan Program are non-disehargeable under § 523(a)(8) because the program is funded in part by nonprofit institutions. See Pilcher, 149 B.R. at 600.
In our view, the plain language of the statute, its structure, and the efforts of other courts in applying it to similar circumstances compel an affirmance here. Clearly, O’Brien’s student loan was made under a program that was funded in whole or in part by a nonprofit institution. Furthermore, we agree with the Sixth Circuit’s analysis of the statute’s legislative history that “the exclusion of educational loans from the discharge provisions was designed to remedy an abuse by students who, immediately upon graduation, filed petitions] for bankruptcy and obtained discharged of their educational loans.” Andrews Univ. v. Merchant (In re Merchant), 958 F.2d 738, 740 (6th Cir.1992) (citing H.R.Rep. No. 95-595, 95th Congress, 1st Sess. 466-75 reprinted in 1978 U.S.Code Cong. & Admin. News 5787). Like the Sixth Circuit and the cases noted above, we find that the statute’s use of the words “any program funded in whole or in part” include the loan program in question here.
Conclusion
For the reasons discussed herein, we hold that § 523(a)(8) includes within its meaning loans made pursuant to loan programs that are guaranteed by non-profit institutions. Thus, we now Affirm.

. TERI does not premise its argument on this clause in the Note.