20-648-bk
*Channer v. Penn. Higher Educ. Assistance Agency*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
            MICHAEL H. PARK,
                        *Circuit Judges.*

---

*In re Lorna Y. Channer*,

            *Debtor.*

---

LORNA Y. CHANNER,

            *Debtor-Appellant,*                    20-648-bk

            v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE
AGENCY,

            *Appellee,*

UNITED STATES,

            *Trustee.*

---

1

**FOR DEBTOR-APPELLANT:**                    AUSTIN C. SMITH, New York, NY.


**FOR APPELLEE:**                    IRVE J. GOLDMAN, Bridgeport, CT.

Appeal from a December 12, 2019 judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *Judge*), affirming order of the United States Bankruptcy Court for the District of Connecticut (James J. Tancredi, *Bankruptcy Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Debtor-Appellant Lorna Y. Channer ("Channer") appeals the judgment of the United States District Court for the District of Connecticut entered on December 12, 2019, affirming the denial by the United States Bankruptcy Court for the District of Connecticut of Channer's motion to reopen her Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 350(b), which had been closed twice and already reopened once on Channer's motion.[1] We assume the parties' familiarity with the facts and the issues on appeal.

In 2007, Channer signed a Federal Consolidation Loan Application and Promissory Note to consolidate two federal student loans under the Federal Family Education Loan ("FFEL") Program. The Pennsylvania Higher Education Assistance Agency d/b/a American Educational Services ("PHEAA") was the guarantor.[2] In 2010, Channer sought relief under Chapter 7 of the United States Bankruptcy Code, listing her student loans in her bankruptcy petition.[3] On November 3,

---

[1] *In re Channer*, No. 19 Civ. 319, 2019 WL 6726397 (D. Conn. Dec. 11, 2019), *reconsideration denied*, 2020 WL 607188 (D. Conn, Feb. 7, 2020).

[2] At oral argument on appeal, counsel for Channer appeared to contest this fact. The District Court noted, "[Channer] now appears to dispute whether PHEAA guaranteed the student loans" but also noted "as [Channer] acknowledges, she identified PHEAA as the creditor for her "educational student loan." *Channer*, 2019 WL 6726397, at *1 n.3.

[3] On appeal, the parties agree that the debt at issue is identified by terminal digits -4788, and appears on Schedule E of the bankruptcy petition. Channer had mistakenly argued below that the debt was listed on Schedule F of the bankruptcy petition.

2010, the Bankruptcy Court issued an order of discharge, and the case was administratively closed in August 2013.[4]

Some years later, in January 2019, Channer filed a motion to reopen, in order to pursue (1) a motion for relief from judgment or order under Federal Rule of Bankruptcy Procedure 9024 and (2) an amended motion to show cause, to which PHEAA objected.[5] After a hearing, the Bankruptcy Court issued a decision denying Channer's motion to reopen,[6] which was affirmed by the District Court.[7]

A bankruptcy court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause."[8] We have jurisdiction under 28 U.S.C. § 158(d)(1) to review final decisions of the district court that, in turn, review an order of the bankruptcy court.[9] As the district court itself is operating as an appellate court, we engage in plenary, or *de novo*, review of the district court's decision.[10] We thus apply the same standard of review that the district court employed in its review of the bankruptcy court's order, reviewing "the bankruptcy court's findings of fact for clear error and its legal determinations de novo."[11] And "[a] bankruptcy judge's decision to grant or deny a motion to reopen … shall not be disturbed absent an abuse of discretion."[12]

---

[4] In that discharge order, the Bankruptcy Court explained that there are "'[s]ome … common types of debts which are not discharged in a chapter 7 bankruptcy case,' which include '[d]ebts for most student loans.'" *Channer*, 2019 WL 6726397, at *1 (quoting and citing Discharge Order at 2, ¶ d, *In re Channer*, No. 10-21232 (Bankr. D. Conn. Nov. 3, 2010), ECF No. 64).

[5] As the Bankruptcy Court noted, "[u]ltimately, [Channer] seeks for the Court to hold [PHEAA] in contempt due to its efforts to collect what [Channer] claims are discharged debts." *In re Channer*, No. 10-21232, 2019 WL 856247, *1 (Bankr. D. Conn. Feb. 20, 2019).

[6] *Id.* After rejecting the grounds upon which Channer sought to pursue contempt sanctions, the Bankruptcy Court thus concluded that there was no relief that could be accorded to her and denied the motion to reopen. *Id.* at *2.

[7] *Channer*, 2019 WL 6726397, at *1.

[8] 11 U.S.C. § 350(b).

[9] *See* 28 U.S.C. § 158(d)(1).

[10] *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018) ("[W]e engage in plenary, or de novo, review of the district court decision."); *see also In re Manville Forest Prod's Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990).

[11] *Anderson*, 884 F.3d at 387 (citing *In re U.S. Lines, Inc.*, 197 F.3d 631, 640–41 (2d Cir. 1999)); *see also id.* at 388 ("In sum, we engage in clear error review of the bankruptcy court's findings of fact and de novo review of its legal conclusions[.]"). In addition, we are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (internal quotation marks omitted).

[12] *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011). A court "has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal alterations, quotations marks, and citations omitted).

Channer sought to reopen her case for the purpose of seeking the court to hold PHEAA in contempt for violating the discharge injunction, and she raised two grounds for reopening her case before the District Court.[13] We consider each argument in turn.

Channer first argues that reopening was necessary on the basis that PHEAA is not a governmental unit and thus the loans it guarantees are dischargeable in bankruptcy. We disagree. "Student loans are presumptively nondischargeable in bankruptcy."[14] The discharge provision of the United States Bankruptcy Code discharges all debts "[e]xcept as provided in section 523."[15] Under Section 523(a)(8), student loans "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution" are presumptively non-dischargeable in bankruptcy unless the debtor establishes "undue hardship."[16] In turn, a "governmental unit" is defined as, *inter alia*, the "United States; [or a] State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States. . . , a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government."[17]

We have explained that Section 523(a)(8) requires only that the loan in question was "made under any program funded in whole or in part by" a governmental unit.[18] The record here shows that Channer's loans were obtained through the FFEL Program, a federally-funded program under which the United States Department of Education ("DOE") serves as the reinsurer of student loans guaranteed by participating agencies.[19] The record further shows that PHEAA is the guarantor of

---

[13] Insofar as Channer raises other arguments on this appeal that she did not raise in bankruptcy proceedings, we decline to consider them here. *See In re Johns–Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (failure to raise argument in the bankruptcy court waived the argument even if raised in the district court); *see, e.g.*, *Osborne v. Tulis*, 594 F. App'x 39, 41 (2d Cir. 2015) (non-published summary order) (citing *Johns-Manville Corp.* and declining to consider arguments not raised before the bankruptcy court).

[14] *Easterling v. Collecto, Inc.*, 692 F.3d 229, 231 (2d Cir. 2012) (citing 11 U.S.C. § 523(a)(8)); *see also United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 277 & n. 13 (2010) ("Section 523(a)(8) renders student loan debt presumptively nondischargeable 'unless' a determination of undue hardship is made"); *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 450 (2004) (noting that "[s]ection 523(a)(8) is self-executing," such that "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt").

[15] 11 U.S.C. § 727(b).

[16] *Id.* § 523(a)(8)(A)(i); *accord Easterling*, 692 F.3d at 231–32; *In re O'Brien*, 419 F.3d 104, 105 (2d Cir. 2005).

[17] 11 U.S.C. § 101(27); *see also id.* § 101(40) ("The term 'municipality' means political subdivision or public agency or instrumentality of a State.").

[18] *O'Brien*, 419 F.3d at 106.

[19] *See, e.g.*, *Calise Beauty Sch., Inc. v. Riley*, 941 F. Supp. 425, 427 (S.D.N.Y. 1996) (discussing the administration of the FFEL programs, pursuant to which "students attending eligible postsecondary schools may borrow money for tuition and expenses from participating lenders," which are "insured by participating 'guaranty agencies' which, in turn, are reinsured by the United States Department of Education").

Channer's loan. And PHEAA plainly qualifies as a governmental unit within the meaning of Section 523(a) because it is a government instrumentality of the Commonwealth of Pennsylvania. Indeed, PHEAA was created by statute as "a body corporate and politic constituting a public corporation and government instrumentality," and has been repeatedly recognized as such by the Pennsylvania courts.[20] On appeal Channer offers no persuasive justification as to why we should disregard these decisions rendered by Pennsylvania's highest court.[21] Accordingly, we conclude, as did the District Court, that the Bankruptcy Court did not abuse its discretion in rejecting Channer's argument that the PHEAA was not a governmental unit within the meaning of Section 523(a)(8) and in denying Channer's motion to reopen.[22]

Channer next argued that her student loan debt was discharged because she had listed it in her bankruptcy petition and PHEAA did not timely challenge its dischargeability. We again disagree. A debt is nondischargeable if the "debt [is] of a kind specified in paragraph (2), (4) or (6) of subsection (a) of this section [523]"; if the "creditor to whom such debt is owed" commences an action; and "after notice and a hearing, the court determines such debt to be excepted from discharge."[23] But, as noted above, Channer's student loan—the debt at issue in this case—falls under paragraph (8) of Section 523(a). Since the debt in question here is plainly not of the kind set forth in

---

[20] 24 Pa. Stat. § 5101. *See Pennsylvania Higher Educ. Assistance Agency v. Xed*, 72 Pa. Cmwlth. 412, 412 (1983) ("PHEAA is a statutorily created instrumentality that guarantees educational loans made to persons pursuing higher education.") (citing Act of August 7, 1963, P.L. 549, *as amended*, 24 P.S. §§ 5101 *et seq.*); *Greenfield v. Pennsylvania Ins. Guar. Ass'n*, 24 Pa. Cmwlth. 127, 130–31 (1976) (reaffirming prior holding that PHEAA "was an agency of the Commonwealth" on the basis of certain indicia: that PHEAA was by statute "denominated a government instrumentality; that the members of the board of directors are appointed by the Governor, the President Pro Tempore of the Senate or Speaker of the House; that on dissolution its assets become the property of the State; and that at least part of its operating expenses is provided by a yearly appropriation by the General Assembly . . ."); *Richmond v. Pennsylvania Higher Ed. Assistance Agency*, 6 Pa. Cmwlth. 612, 614, (1972) (holding that PHEAA is an agency of the Commonwealth government); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 804 F.3d 646, 650 (4th Cir. 2015) (explaining that PHEAA was established by statute by the Commonwealth of Pennsylvania in 1963 "to improve access to higher education by originating, financing, and guaranteeing student loans." (internal quotation omitted)).

[21] Channer may have even conceded the point that PHEAA is a governmental unit on appeal. Indeed, Channer's own brief quotes a Fourth Circuit decision for the proposition that "[f]or purposes of federal law, PHEAA is a political subdivision, not an arm or alter ego of Pennsylvania." Channer Br. at 20 (quoting *U.S. ex rel. Oberg*, 804 F.3d at 676–77). As we have noted here, the definition of a governmental unit for the purposes of Section 523(a)(8) includes a "municipality," 11 U.S.C. § 101(27), which in turn is defined as a "political subdivision or public agency or instrumentality of a State," *id.* § 101(40).

[22] Channer's student loan debt was presumptively non-dischargeable unless she established undue hardship. *See Easterling*, 692 F.3d at 232 ("To seek an undue hardship discharge of student loans, a debtor must 'commence an adversary proceeding by serving a summons and complaint on affected creditors.'" (quoting *U.S. Aid Funds, Inc.,* 559 U.S. at 269). But Channer did not institute such an adversarial proceeding. Nor did Channer claim undue hardship. *See Channer*, 2019 WL 856247, at *1 ("Notably, the Debtor has not claimed that the student loan debts impose an undue hardship on her.").

[23] 11 U.S.C. § 523(c)(1).

paragraphs (2), (4) or (6) of Section 523(a), we conclude that the Bankruptcy Court did not abuse its discretion in denying Channer's motion to reopen after concluding that Channer's student loan debt was not discharged simply due to its inclusion in the bankruptcy petition.[24]

## CONCLUSION

For the reasons set forth herein, we **AFFIRM** the December 12, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[24] *Channer*, 2019 WL 856247, at *1 ("Merely listing student loan debts on a petition does not discharge them, a fact noted on the Debtor's discharge order. The proper avenue for discharging student loan obligations is to commence an adversary proceeding under Fed. R. Bankr. P. 7001.") (internal citations omitted).