12-1317-cv
*Jackson v. New York State*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand thirteen.

PRESENT:
> Guido Calabresi,
> José A. Cabranes,
> Barrington D. Parker,
> > *Circuit Judges.*

_____

Dona J. Jackson,

> *Plaintiff-Appellant*,

> v.                                                                                    12-1317-cv

New York State, *et al.*,

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**      Dona J. Jackson, *pro se*, Port Byron, NY.

**FOR DEFENDANTS-APPELLEES:**      Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, Robert M. Goldfarb, Assistant Solicitor General, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-appellant Dona J. Jackson, proceeding *pro se*, appeals from the District Court's judgment dismissing her civil rights action pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Jackson v. New York State*, No. 06-CV-6364, 2012 WL 729371 (W.D.N.Y. Mar. 6, 2012). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6). *See J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013). To survive a motion to dismiss, the complaint must plead "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where, as in this case, the plaintiff is proceeding *pro se*, the district court must construe the complaint liberally, reading it with special solicitude and interpreting it to raise the strongest claims that it suggests." *J.S.*, 714 F.3d at 103. Matters subject to judicial notice—such as decisions related proceedings—are properly considered on a motion to dismiss and do not require the court to consider the motion as one for summary judgment.[1] *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

We review a district court's application of the law of the case doctrine for abuse of discretion. *See Devilla v. Schriver*, 245 F.3d 192, 198 (2d Cir. 2001). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks omitted).

<u>Claim Preclusion</u>

We begin by reviewing the District Court's holding that some of Jackson's claims are barred by the doctrine of "claim preclusion," which is often known as "res judicata." *See Hecht v. United*

---

[1] Accordingly, the District Court properly considered the additional exhibits submitted by the defendants without converting the motion to one for summary judgment.

*Collection Bureau, Inc.*, 691 F.3d 218, 221 (2d Cir. 2012). A claim is precluded by an earlier judicial decision if that decision was "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.* at 221-22. In this context, the term "cause of action" refers to "[a] group of operative facts giving rise to one or more bases for suing," Black's Law Dictionary 251 (9th ed. 2009), and therefore claims that "were, *or could have been*, raised in a prior action" satisfy the fourth prong of claim preclusion doctrine. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) (emphasis added).

The District Court correctly concluded that the decision by Judge Axsmith in the Western District of New York (the "*Axsmith* action"), dismissing Jackson's claims for failure to prosecute, was a final adjudication on the merits by a court of competent jurisdiction, *see* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits"), and that the relationship between the defendants named in *Axsmith* and the instant case was sufficiently close to satisfy the third prong of claim preclusion doctrine, *see Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995) ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."). Accordingly, the District Court correctly dismissed Jackson's claims stemming from the same group of facts as those underpinning her *Axsmith* claims—namely, the claims regarding her arrest for aggravated unlicensed operation of a motor vehicle in the third degree, her subsequent arrests for criminal contempt, her involuntary transfer to the Hutchings Psychiatric Center, and the May 2000 entry of defendant Weston into her home. For the same reasons, the District Court also correctly dismissed her claims regarding the July 2001 arrest in which she was charged with possession of a forged instrument for forging a notice of appearance relating to her appearance in court before Judge Axsmith, and her May 2001 arrest for criminal contempt and resisting arrest which stemmed from her previous arrest for criminal contempt in April 2001.

<u>Statute of Limitations</u>

Regarding Jackson's remaining claims, the District Court did not abuse its discretion in determining that the "law of the case" doctrine did not bar reconsideration, after the case had been transferred to the District Court for the Western District of New York, of the earlier conclusion by the District Court for the Northern District of New York that Jackson had alleged a "continuing violation" that was not barred by the relevant statute of limitation. *See Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999) (explaining the "continuing violation" concept). The law of the case doctrine "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See*

*Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (citations and internal quotations omitted). Here, to the extent that the District Court concluded, in light of its claim preclusion analysis, that the Northern District erred in determining that Jackson had alleged a "continuing violation," reconsideration of that decision was not an abuse of discretion.

On the merits, the District Court correctly concluded that the continuing violation doctrine does not apply to Jackson's claims, and that she is therefore barred from bringing claims related to events that occurred prior to May 9, 2000, three years before she filed her complaint. To establish a continuing violation, a plaintiff must allege "both the existence of an ongoing policy . . . and some non-time-barred acts taken in furtherance of that policy." *See Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). The District Court properly found that Jackson's complaint alleged discrete actions—separate instances of alleged unlawful conduct, occurring at different times and under different circumstances, without a non-conclusory factual connection—rather than a common policy under which all the actions were carried out.

Rule 12(b)(6)

With regard to the only claims not barred by claim preclusion or by the statute of limitations—namely, Jackson's claims stemming from the September 2000 traffic stop—we agree with the District Court's conclusion that Jackson "does not allege any non-conclusory facts to suggest that the stop was anything other than lawful." *Jackson*, 2012 WL 729371, at *12.

Recusal motions and other requests for relief

Lastly, Jackson has filed a motion alleging misconduct by various judicial officers of this Court, including the Judges and Clerk of Court, and of other courts regarding this and prior proceedings. *See* Motion for Clarification, etc., ECF No. 78. Having reviewed Jackson's motion fully, including the request for our recusal, the motion is denied because it lacks any substantiated allegation of wrongdoing. We note, in particular, that the Clerk of Court is instructed to release our decisions, and affix the official seal to those decisions, but that all judicial matters are decided by judges of this Court, not the Clerk of Court. The Clerk of Court has had, and continues to have, no role in the adjudication of Jackson's claims or motions. Moreover, Jackson is also now placed on notice that sanctions are appropriate when litigants abuse the judicial process by filing frivolous and vexatious suits. *See, e.g., In re Smith*, 645 F.3d 186, 191 (2d Cir. 2011); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987). Accordingly, further lawsuits and motions by Jackson that exceed the bounds of tolerable litigation conduct may lead to sanctions, including a requirement that she obtain the consent of the Court in order to file documents. *See, e.g., In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993).

4

## CONCLUSION

We have considered all of Jackson's arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**, and Jackson's motion for clarification and additional relief is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk