14-817-bk(L)
*Harbour Trust Co. Ltd. v. Aaron*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of January, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
          JOSÉ A. CABRANES,
          REENA RAGGI,
                    *Circuit Judges.*

---

In re: Plusfunds Group, Inc.,

     *Debtor*,

---

HARBOUR TRUST CO. LTD., Trustee for the SPhinX Trust,

     *Appellant-Cross-Appellee*,

          v.                                   Nos.  14-817-bk(L),
                                                    14-940-bk(XAP)

ROBERT AARON, DERIVATIVES PORTFOLIO MANAGEMENT, LTD., DERIVATIVES PORTFOLIO MANAGEMENT, LLC, DPM MELLON LIMITED,

     *Appellees-Cross-Appellants.*

---

**FOR APPELLANT-CROSS-APPELLEE:**    DAVID J. MOLTON (Andrew S. Dash, Daniel J. Saval, Brown Rudnick LLP, New York, NY, Leo R. Beus, Beus Gilbert PLLC, Phoenix,

AZ, *on the brief*), Brown Rudnick LLP, New York, NY.

**FOR APPELLEES-CROSS-APPELLANTS:**     GREGG M. GALARDI (Daniel G. Egan, Andrew O. Bunn, *on the brief*), DLA Piper LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause is **REMANDED** for the Bankruptcy Court to explain what prejudice, if any, would result from reopening the bankruptcy case.

Appellant Harbour Trust Co. Ltd. (the "Trustee") appeals from the February 13, 2014 judgment of the District Court affirming the May 13, 2013 decision of the United States Bankruptcy Court for the Southern District of New York (James M. Peck, *Bankruptcy Judge*) denying the Trustee's motion to reopen the Chapter 11 case of Plusfunds Group, Inc. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "A bankruptcy judge's decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) shall not be disturbed absent an abuse of discretion." *Smith v. Silverman (In re Smith)*, 645 F.3d 186, 189 (2d Cir. 2011). "The reason is that such decisions invoke the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996).

Upon review of the record and relevant law, we are unable to ascertain whether the Bankruptcy Court fully considered whether any of the parties would suffer prejudice if it granted the Trustee's motion to reopen. *See Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997) ("[T]he decision to reopen or not is discretionary with the court, which may consider numerous factors including equitable concerns . . . . A court of equity must consider whether reopening a case would prejudice the adversary or cause a change in the adversary's position."). Although the Bankruptcy Court stated that "there has been no showing of prejudice resulting from *denial* of the Trustee's request to reopen the case," *In re PlusFunds Grp., Inc.*, 492 B.R. 202, 210 (Bankr. S.D.N.Y. 2013) (emphasis supplied), it was silent as to whether any prejudice would result from *granting* the Trustee's request. We therefore remand to the Bankruptcy Court to explain what prejudice, if any, would result from reopening the case.

2

We intimate no view on the merits of the Trustee's motion to reopen or on the question of appellees' standing. Should the parties feel that further appeal to the District Court is necessary after the Bankruptcy Court more fully explains its decision, we encourage the District Court to consider any such appeal on an expedited basis. Any further appeal to this Court shall be heard by this same panel and may be initiated by filing a letter with the Clerk of the Court requesting reinstatement of this appeal. *See United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994).

## CONCLUSION

For the reasons stated above, the District Court's February 13, 2014 judgment is **VACATED** and the cause is **REMANDED** for the Bankruptcy Court to explain what prejudice, if any, would result from reopening the bankruptcy case.

Any further appeals in this matter are to be referred to this panel.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk