■ EMC MORTGAGE CORPORATION, Plaintiff, v DEANGELA LAMB et al., Defendants, and MARILYN DURHAM, Respondent. REOCO, INC., Nonparty Appellant. [5 NYS3d 208]—

In an action to foreclose a mortgage, the nonparty, Reoco, Inc., appeals from an order of the Supreme Court, Kings County (Schack, J.), entered December 14, 2012, which granted the motion of the defendant Marilyn Durham to vacate a judgment of foreclosure and sale dated December 30, 2008, entered upon her failure to appear or answer, and to dismiss the complaint based on the plaintiff's lack of standing.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Marilyn Durham to vacate a judgment of foreclosure and sale dated December 30, 2008, entered upon her failure to appear or answer, and to dismiss the complaint based on the plaintiff's lack of standing is denied.

The plaintiff commenced this action to foreclose a mortgage on property located in Brooklyn, and subsequently assigned its interest in the property to the nonparty appellant, Reoco, Inc. (hereinafter the appellant). Upon the defendants' failure to appear or answer, a judgment of foreclosure and sale was entered, and the defendant Marilyn Durham subsequently moved, inter alia, to vacate the judgment. In the order appealed from, the Supreme Court granted Durham's motion. We reverse.

A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *U.S. Bank N.A. v Stewart*, 97 AD3d 740 [2012]; *Deutsche Bank Natl. Trust Co. v Luden*, 91 AD3d 701, 701 [2012]; *Fremont Inv. & Loan v Bertram*, 90 AD3d 988 [2011]; *Citimortgage, Inc. v Brown*, 83 AD3d 644, 645 [2011]). If a defendant fails to demonstrate a reasonable excuse for the default, it is unnecessary to consider the issue of whether the defendant demonstrated the existence of a potentially meritorious defense (*see Wells Fargo Bank v Malave*, 107 AD3d 880 [2013]).

Here, Durham failed to offer a reasonable excuse for her extended delay in appearing or answering in this action. Accordingly, the Supreme Court erred in granting that branch of her motion which was to vacate the judgment of foreclosure and sale (*see JP Morgan Mtge. Acquisition Corp. v Hayles*, 113 AD3d 821, 823 [2014]; *Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d 989, 990 [2010]).

In light of our determination, it is unnecessary to reach the appellant's remaining contentions. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.