■ CITIBANK, N.A., as Trustee for the MLMI TRUST SERIES 2006-HES, Respondent, v HEATHER P. BOYCE, Also Known as HEATHER BOYCE, et al., Appellants, et al., Defendant. [13 NYS3d 911]—In an action to foreclose a mortgage, the defendants Heather P. Boyce, also known as Heather Boyce, and Sherwood L. Boyce, also known as Sherwood Boyce, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 21, 2013, as denied their motion pursuant to CPLR 5015 (a) (1) to vacate an order of reference of the same court dated July 19, 2010, entered upon their failure to appear or answer the complaint, and for leave to interpose an answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

To vacate an order of reference entered upon their default in appearing or answering the complaint, the defendants Heather P. Boyce, also known as Heather Boyce, and Sherwood L. Boyce, also known as Sherwood Boyce (hereinafter together the defendants), were required to demonstrate a reasonable excuse for their default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *EMC Mtge. Corp. v Lamb*, 126 AD3d 669, 669 [2015]; *Deutsche Bank Natl. Trust Co. v Ramirez*, 117 AD3d 674, 675 [2014]). The defendants failed to demonstrate a reasonable excuse for their default. In the absence of a reasonable excuse, it is unnecessary to determine whether the defendants demonstrated the existence of a potentially meritorious defense (*see Duran v Milord*, 126 AD3d 932, 933 [2015]; *Betz v Carbone*, 126 AD3d 743, 744 [2015]).

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly denied the defendants' motion to vacate the order of reference and for leave to interpose an answer. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.