17-352-bk
*In re: Sherwood Boyce, Heather Boyce*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand eighteen.

Present:
>          DEBRA ANN LIVINGSTON,
>          SUSAN L. CARNEY,
>                  *Circuit Judges*,
>          EDWARD R. KORMAN,
>                  *District Judge*.\*

_____

IN RE: SHERWOOD BOYCE, HEATHER BOYCE,

>          *DEBTORS.*

_____

SHERWOOD BOYCE, HEATHER BOYCE,

>          *Plaintiffs-Appellants*,

>          v.                                                    17-352-bk

CITIBANK, N.A., AS TRUSTEE FOR THE MLMI TRUST
SERIES 2006-HE5,

>          *Defendants-Appellees*.

_____

---

\* Judge Edward Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

For Plaintiff-Appellant:    JEFFREY HERZBERG, Jeffrey Herzberg, P.C., Hauppauge, N.Y.

For Defendant-Appellee:    WILLIAM C. SANDELANDS, Sandelands Eyet LLP, Bedminster, N.J., New York, N.Y.

Appeal from a January 10, 2017 judgment of the United States District Court for the Eastern District of New York (Bianco, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Sherwood and Heather Boyce appeal from a January 10, 2017 order of the United States District Court for the Eastern District of New York affirming a December 15, 2015 order of the United States Bankruptcy Court for the Eastern District of New York that denied the Boyces' motion to reopen an adversary proceeding. They argue on appeal that the bankruptcy court abused its discretion in declining to exercise supplemental jurisdiction under 28 U.S.C. § 1334(b) over their adversarial action after they received a discharge in the underlying Chapter 13 bankruptcy case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### 1. Background

In 2006, the Boyces executed a mortgage note that was secured by a mortgage granting a lien on a property in Wheatley Heights, New York. The mortgage was recorded and ultimately endorsed to Citibank. The Boyces defaulted on loan repayments, and in May 2008 Citibank initiated a foreclosure action in state court. In exchange for forbearance, the Boyces executed two stipulations with Citibank in which they agreed to pay arrears and waive defenses to the foreclosure proceeding. The Boyces again failed to make their loan payments, and Citibank recommenced the foreclosure proceedings, ultimately obtaining a default judgment against the Boyces.

2

Sherwood Boyce filed for bankruptcy, and began an adversary proceeding against Citibank,[1] challenging the validity of Citibank's mortgage lien and disputing his and his wife's indebtedness to Citibank. With consent of the Boyces' attorney, the bankruptcy court entered two orders in June 2012, the first abstaining from the adversary proceeding in favor of Citibank's state court foreclosure action, and the second ordering that the adversary proceeding be administratively closed. Sherwood Boyce received his Chapter 13 discharge seven months later.

In state court, the Boyces moved to vacate the default judgment that had been entered against them. The court denied this motion, concluding that they had waived any defenses to foreclosure in exchange for forbearance.

After losing their state court appeal, *see Citibank, N.A. v. Boyce*, 131 A.D.3d 439 (N.Y. App. Div. 2d Dep't 2015), the Boyces returned to the federal bankruptcy court and moved to reopen their adversary proceeding and to stay the state court foreclosure action. Characterizing their motion as "a transparent attempt . . . to overrule the orders of the state trial and appellate courts," J.A. at 1316, the bankruptcy court declined to reopen their adversary proceeding. On appeal, the district court determined that the bankruptcy court did not abuse its discretion. The Boyces filed a timely notice of appeal.

## 2. Discussion

"A bankruptcy judge's decision to grant or deny a motion to reopen . . . shall not be disturbed absent an abuse of discretion." *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011). A court "has 'abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence,' *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405

---

[1] Heather Boyce was later added as a party to this adversary proceeding.

(1990), or rendered a decision that 'cannot be located within the range of permissible decisions,' *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008).

Bankruptcy courts may hear adversary proceedings pursuant to 28 U.S.C. § 1334(b), which gives bankruptcy courts original but not exclusive jurisdiction over civil suits "arising in or related to" bankruptcy cases. Courts have "related to jurisdiction" if the suit "might have any conceivable effect" on the bankruptcy estate. *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 211 (2d Cir. 2014) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)). The dismissal or closing "of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over [a pending] adversary proceeding which was related to the bankruptcy case at the time of its commencement. The decision whether to retain jurisdiction [] [is] left to the sound discretion of the bankruptcy court," which "must consider four factors in determining whether to continue to exercise jurisdiction: judicial economy, convenience to the parties, fairness and comity." *In re Porges*, 44 F.3d 159, 162–63 (2d Cir. 1995).

Even assuming, *arguendo*, that "related to jurisdiction" could have survived dismissal of the bankruptcy case, the bankruptcy court did not abuse its discretion in applying the *Porges* factors. It found that:

> the remaining dispute does not impact [Sherwood Boyce's] bankruptcy estate; it would also be unfair and inconvenient to force Citibank to re-litigate the state law issues before this Court; the parties had unequivocally agreed to resolve all of their disputes before the State Court, as memorialized by the Abstention Order; and comity also weighs in favor of declining to exercise jurisdiction — [Sherwood] and [Heather Boyce] have lost before the New York state courts after years of protracted litigation and should not be allowed to utilize this Court's jurisdiction to attempt to circumvent those determinations.

J.A. at 1317–18. We consider this analysis reasonable. *See Zervos*, 252 F.3d at 169.

4

The Boyces's arguments to the contrary are unconvincing. They argue that their pretrial discovery in the adversary proceeding will have been wasted unless the proceeding is reopened, but this argument presumes that the state court litigation, which resulted in a final judgment, was somehow deficient. They also complain that no court has ever adjudicated their challenges to Citibank's mortgage on the merits. This fact, while true, does not establish that the bankruptcy court abused its discretion in declining to reopen an adversary proceeding addressing matters that had already been extensively litigated to final judgment in state court.

\*     \*     \*

We have considered the Boyces' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk