EMC Mtge. Corp. v Lamb (2021 NY Slip Op 03442)





EMC Mtge. Corp. v Lamb


2021 NY Slip Op 03442


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-00776
 (Index No. 22836/06)

[*1]EMC Mortgage Corporation, respondent,
v
Deangela Lamb, et al., defendants, Marily Durham, appellant.


Rubin & Licatesi, P.C., Garden City, NY (Amy J. Zamir and Jeanine A. Oberster of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marily Durham appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 7, 2018. The order granted the plaintiff's motion, in effect, to adjourn a closing date and denied that defendant's cross motion to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this mortgage foreclosure action in August 2006 against the defendant Marily Durham (hereinafter the defendant) and others. The Supreme Court entered a judgment of foreclosure and sale in December 2008, upon the defendant's default in answering or appearing. A foreclosure sale was subsequently held, and the plaintiff was the highest bidder. However, prior to the closing, the defendant moved to vacate the judgment of foreclosure and sale and to dismiss the complaint. In an order entered December 14, 2012, the Supreme Court granted the motion. On appeal, however, this Court reversed that order and denied the motion (see EMC Mtge. Corp. v Lamb, 126 AD3d 669).
Thereafter, the plaintiff moved, in effect, for an adjournment of the closing date. The defendant opposed the motion, and cross-moved to dismiss the complaint. By order dated November 7, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
Part H, rule 9, of the Kings County Supreme Court Uniform Civil Term Rules states, in part, that "[t]he consent of the Court will be required for adjournment of the closing beyond ninety (90) days." The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (see Matter of Steven B., 6 NY3d 888, 889), and its determination will not be disturbed absent an improvident exercise of that discretion (see Adotey v British Airways, PLC, 145 AD3d 748, 749-750; Diamond v Diamante, 57 AD3d 826, 827). Under the circumstances presented, the court providently exercised its discretion in granting the plaintiff's motion.
The defendant's remaining contention is without merit.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court