23-326
*In Re: Humberto Lopez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

Present:
    José A. Cabranes,
    Gerard E. Lynch,
    Myrna Pérez,
        *Circuit Judges*.

_____

In Re: Humberto Lopez,

                    *Debtor*.

_____

Jose Gamez, Creditor,

                    *Creditor-Appellant*,

            v.                                                      No. 23-326

Humberto Lopez,

                    *Debtor-Appellee*,

Kenneth P. Silverman,

                    *Trustee*.

_____

*For Creditor-Appellant*:  JEFFREY HERZBERG, Jeffrey Herzberg, P.C., Hauppauge, NY.

*For Debtor-Appellee*:  MICHAEL A. MARKOWITZ, Michael A. Markowitz, P.C., Hewlett, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

Appellant Jose Gamez seeks review of a March 9, 2023 district court judgment declining to reopen a closed Chapter 7 bankruptcy case for the purpose of administering an allegedly undisclosed asset from the estate.  Upon due consideration, it is hereby **ORDERED** that the judgment of the district court is **AFFIRMED**.

This appeal is not the first time Appellant Jose Gamez and Appellee Humberto Lopez have met in court to litigate over 99 Jerusalem Avenue in Levittown, New York.  In fact, the parties have clashed over this piece of real property in state court for more than twelve years.   The issue before us today concerns Gamez's December 23, 2021 motion to reopen Lopez's 2005 Chapter 7 bankruptcy case in order to administer the real property in question as an estate asset.

## STANDARD OF REVIEW

Because 28 U.S.C. § 158 of the Bankruptcy Code "requires district courts to operate as appellate courts, we engage in plenary, or de novo, review of the district court decision."  *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018).  "We then apply the same standard of review employed by the district court to the decision of the bankruptcy court."  *Id.*  Under this approach, we review "'the bankruptcy court's findings of fact for clear error[,] its legal determinations de novo,' . . . [a]nd [its] 'decision to grant or deny a motion to reopen [for] abuse of discretion.'"  *In re Channer*, 833 F. App'x 502, 504–05 (2d Cir. 2020) (first quoting *In re Anderson*, 884 F.3d at

2

387; and then quoting *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011)).

## DISCUSSION

The Bankruptcy Code establishes that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Although the Bankruptcy Code "does not define 'cause,'" *In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996), bankruptcy courts within the Second Circuit have considered a variety of equitable factors in determining whether to reopen a case.[1]

In this matter, the bankruptcy court conducted a careful analysis and concluded that cause did not exist to reopen Lopez's Chapter 7 case. We find that the bankruptcy court, in considering and denying Gamez's motion, did not abuse its discretion. Most notably, the bankruptcy court found that reopening the case would not result in the administration of any asset for the benefit of the creditors of the estate. The bankruptcy court made this finding primarily because the original trustee of Lopez's estate declined an opportunity to state whether he intended to administer any assets were the case to be reopened. Additionally, the bankruptcy court suggested that the length of time since the Chapter 7 proceedings first closed weighed against reopening the case—a reasonable suggestion, given that Appellant Gamez did not move to reopen the Chapter 7 case until nearly sixteen years after it closed. *See, e.g.*, *In re Neil's Mazel, Inc.*, 492 B.R. 620, 628 (Bankr. E.D.N.Y. 2013) (4 ½ years weighs against reopening); *In re Jones*, 2016 WL 1265716, at *6 (Bankr. W.D.N.Y. Mar. 30, 2016) (13 years weighs against

---

[1] *See, e.g.*, *In re Ramsoomair*, No. 21-11215, 2022 WL 828307, at *4 (Bankr. S.D.N.Y. Mar. 18, 2022) (considering six factors, including "the length of time that the case was closed," "whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case," and "whether any parties would suffer prejudice should the court grant or deny the motion to reopen"); *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013) (same); *In re Arana*, 456 B.R. 161, 176–77 (Bankr. E.D.N.Y. 2011) (considering benefits to the debtor, benefits to the creditors, and good faith); *In re Stein*, 394 Bankr. 13, 18 (Bankr. E.D.N.Y. 2008) (considering potential benefits to creditors and trustee's ability to administer an unadministered asset).

reopening).   Finally, the bankruptcy court stated that reopening the case would not benefit Lopez as he opposed the motion.   This analysis was entirely reasonable, and the bankruptcy court's denial of Gamez's request to reopen the case was not an abuse of discretion.

It is therefore **ORDERED** that the judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court