25-934 (L)
*In re: Mongiello*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-six.

PRESENT:

> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

————————————————————————

IN RE CHRISTOPHER MONGIELLO,

> *Debtor*.

————————————————————————

CHRISTOPHER MONGIELLO,

> *Debtor-Appellant*,

v.

Nos. 25-934 (L)
25-970 (Con)

HSBC Bank USA, NA, as Trustee for the LMT 2006-6 Trust Fund, a.k.a. HSBC Bank USA NA, as Trustee for the Lehman Mortgage Trust Mortgage-Pass-Through Certificates Series 2006-6, INDYMAC BANK, F.S.B., SHELLPOINT MORTGAGE SERVICING, LLC,

*Appellees.*

———————————————————

| | |
|---|---|
| **For Debtor-Appellant:** | CHRISTOPHER M. MONGIELLO, *pro se*, Pelham Manor, NY. |
| **For Appellees:** | Leisl Kerechek, Stradley Ronon Stevens & Young, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2025 judgment of the district court is **AFFIRMED**.

Christopher M. Mongiello, proceeding *pro se*, appeals from the district court's judgment affirming the dismissal of his voluntary Chapter 13 petition and related adversary proceedings by the bankruptcy court. On appeal, Mongiello argues that the dismissal was improper because he (i) timely filed necessary documents with the bankruptcy court and (ii) litigated in good faith. He also

2

contends that the bankruptcy court abused its discretion by dismissing his adversary proceedings because judicial economy, convenience to the parties, fairness, and comity supported retaining those cases. *See In re Porges*, 44 F.3d 159, 163 (2d Cir. 1995). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.    Background

In October 2023, Mongiello filed a voluntary Chapter 13 petition and two related adversary proceedings to extinguish mortgages on his condominium; he also sought to obtain damages from HSBC Bank USA, NA, Indymac Bank, and Shellpoint Mortgage Servicing, LLC. In time, Mongiello's ex-wife, Tiffany Eastman – whom a state court had appointed receiver of the condo – moved to lift the Chapter 13 case's automatic stay to sell the property. The bankruptcy court ultimately granted that motion and denied Mongiello's multiple attempts to vacate its decision. Undeterred, Mongiello countered with a motion to remove Eastman as receiver, a request to obtain discovery from her, and a motion to hold her in contempt.

While those motions were pending, the bankruptcy court granted the U.S. Trustee's and Eastman's motion to dismiss the Chapter 13 proceeding on the

3

grounds that Mongiello caused unreasonable delay by failing to submit necessary information and by litigating in bad faith in the bankruptcy proceeding. It also dismissed the adversary proceedings because they were premised on the bankruptcy case and denied Mongiello's motion against Eastman as moot. The district court affirmed the bankruptcy court's orders, *In re Mongiello*, Nos. 24-cv-2468, 24-cv-2548 (KMK), 2025 WL 959174, at *7 (S.D.N.Y. Mar. 31, 2025), and Mongiello timely appealed to this Court.

## II.  Discussion

"When reviewing a bankruptcy court decision that was subsequently appealed to a district court, we review the bankruptcy court's decision independent of the district court's review," *In re Coudert Bros.*, 673 F.3d 180, 186 (2d Cir. 2012), and "disturb a dismissal for cause only if the bankruptcy court has abused its discretion," *In re Murray*, 900 F.3d 53, 59 (2d Cir. 2018); *see also In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1312 & n.6 (2d Cir. 1997) (reviewing dismissal for bad faith under the abuse-of-discretion standard and underlying "factual conclusions of bad faith under the clearly erroneous standard"). And "we liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild*

4

*for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (alteration adopted, internal quotation marks omitted, and italicization added).

## A.    The Bankruptcy Court Acted Within Its Discretion in Dismissing Mongiello's Bankruptcy Petition.

The bankruptcy court offered two bases for dismissing Mongiello's bankruptcy case: *first*, it found "unreasonable delay by the debtor that is prejudicial to creditors," *In re Mongiello*, No. 23-bk-22732, Doc. No. 81, at 5 (Bankr. S.D.N.Y. Mar. 13, 2024) (quoting 11 U.S.C. § 1307(c)(1)); and *second*, it concluded that Mongiello had acted in bad faith – *i.e.*, abused the bankruptcy process – when he provided insufficient and inaccurate documents to the court and pursued baseless grounds for relief against his ex-wife.  Because we agree that Mongiello acted in bad faith, we need not consider whether Mongiello also unreasonably delayed the proceedings.

"A bankruptcy court may dismiss a bad faith filing on an interested party's motion or *sua sponte*."  *In re C-TC 9th Ave. P'ship*, 113 F.3d at 1310; *see also Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 372–73, 375 n.12 (2007) (noting that bankruptcy court may *sua sponte* dismiss Chapter 13 case "for cause").  Our cases have found that a debtor files a petition in bad faith when he proceeds on false or baseless claims, *see In re 60 E. 80th St. Equities*, 218 F.3d 109, 117 (2d Cir. 2000)

5

("[B]ad faith may be inferred from the meritlessness of a motion."), or with the aim of collaterally attacking the judgment of another court rather than trying to repay his debts, *see In re C-TC 9th Ave. P'ship*, 113 F.3d at 1310 (affirming a bankruptcy court decision which concluded that filing a petition "to avoid the consequences of adverse state[-]court decisions" is "an impermissible use" of the bankruptcy process (internal quotation marks omitted)).

Here, the bankruptcy court did not abuse its discretion when it concluded that Mongiello's conduct throughout the bankruptcy proceedings was designed to interfere with Eastman's efforts in state court to possess and sell the condo. *See id.* at 1312. Mongiello repeatedly – and falsely – asserted to the bankruptcy court that he had obtained a novation of his mortgages, even after being presented with evidence to the contrary. *See In re Casse*, 198 F.3d 327, 332 (2d Cir. 1999) (affirming bankruptcy court conclusion that "[s]erial filings are a badge of bad faith" (quoting *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995)). He also filed countless frivolous motions requesting that the bankruptcy court terminate the state-court receivership, compel Eastman as the receiver to sell the property, order discovery against her that the state court had refused, and impose sanctions based on Eastman's conduct in the state court. *See id.* (affirming finding of bad faith where

6

Chapter 13 debtors used bankruptcy system "solely to thwart [creditor] from exercising its legitimate contractual and state[-]law foreclosure remedies" (quoting *In re Casse*, 219 B.R. 657, 661 (Bankr. E.D.N.Y. 1998)). On this record, Mongiello's petition is best construed as an attempt to interfere with parallel state-court litigation, rather than an effort to pay creditors in accordance with the Bankruptcy Code. We therefore cannot say that the bankruptcy court abused its discretion in dismissing the petition for bad faith. *See In re C-TC 9th Ave. P'ship*, 113 F.3d at 1312 (affirming bankruptcy court's dismissal of petition for bad faith where debtor's "filing evidences an intent to delay and frustrate the legitimate efforts of [creditor] to enforce its rights").

**B.    The Bankruptcy Court Acted Within Its Discretion in Dismissing Mongiello's Adversary Proceedings.**

Mongiello brought pendent adversary proceedings seeking both (i) equitable relief in quieting the title to his condo under state law and (ii) damages from his mortgage lenders and servicer under the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq. See In re Mongiello*, No. 23-bk-22732, Doc. No. 12, at 6–8 (Bankr. S.D.N.Y. Oct. 30, 2023)). Though "related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case," *In re Porges*, 44 F.3d at 162, a bankruptcy court may retain

7

jurisdiction when considerations of "judicial economy, convenience to the parties, fairness[,] and comity" support it, *id.* at 163 (borrowing supplemental-jurisdiction factors from *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988)). Mongiello has failed to meet that standard here.

Dismissal was warranted as an exercise of reasonable discretion by the bankruptcy court because none of the *Porges* factors supports the retention of jurisdiction. For starters, the pendent claims were all in their infancy and had not proceeded past the preliminary stages of litigation, making the bankruptcy court's retention of jurisdiction contrary to considerations of judicial economy. *See Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988) ("At [an] early stage in the proceedings[,] judicial economy . . . do[es] not demand that the federal courts hear [a] pendent claim.").[1] Nor would it be convenient or fair for the parties to continue litigating these claims as adversary proceedings when the proceedings themselves were part of Mongiello's bad-faith effort to relitigate and undermine state-court decisions. *See, e.g., In re Boyce*, 710 F. App'x 44, 47 (2d Cir. 2018) (affirming bankruptcy court's refusal to exercise jurisdiction over claims already litigated in

---

[1] Although Mongiello had moved for summary judgment against HSBC, the motion was made before discovery commenced and was not even fully briefed when the bankruptcy court dismissed the pendent claims. *In re Mongiello*, 2025 WL 959174, at *6 n.5.

8

state court).  For the same reasons, retaining jurisdiction would undermine, rather than advance, the interests of comity between the state and federal courts.

For all these reasons, we conclude that the bankruptcy court acted within its "sound discretion" when it elected to dismiss the adversary proceedings.  *In re Porges*, 44 F.3d at 162; *see also In re Millenium Seacarriers, Inc.*, 458 F.3d 92, 96 (2d Cir. 2006) ("[T]he decision whether to retain jurisdiction should be left to the sound discretion of the bankruptcy court." (quoting *In re Porges*, 44 F.3d at 162)).

\*     \*     \*

We have considered Mongiello's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court