Ditech Fin., LLC v Howell (2022 NY Slip Op 00301)





Ditech Fin., LLC v Howell


2022 NY Slip Op 00301


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.


2020-03063
 (Index No. 29767/09)

[*1]Ditech Financial, LLC, etc., respondent,
v
Margaret Howell, etc., appellant, et al., defendants.


Mark E. Alter, Garden City, NY (Margaret S. Alter of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Margaret Howell, as trustee of the Margaret Howell Trust, appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated December 17, 2019. The order, insofar as appealed from, (1) denied that defendant's motion for leave to renew her opposition to the prior motion of the plaintiff's predecessor in interest, inter alia, for an order of reference, and her prior cross motion, among other things, to dismiss the complaint insofar as asserted against her, (2) denied her cross motion, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, and (3) upon denying the plaintiff's motion to confirm the report of the referee and for a judgment of foreclosure and sale, did so without prejudice to renewal upon proper proof.
ORDERED that the appeal from so much of the order as, upon denying the plaintiff's motion to confirm the report of the referee and for a judgment of foreclosure and sale, did so without prejudice to renewal upon proper proof, is dismissed, as the defendant Margaret Howell, as trustee of the Margaret Howell Trust, is not aggrieved by that portion of the order (see CPLR 5511; Sodhi v 112 Park Enters., LLC, 147 AD3d 1000); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The background facts relevant to this appeal are set forth in our decision and order on a related appeal (see BAC Home Loan Servicing, L.P. v Howell, ___ AD3d ___ [decided herewith]) from an order dated May 25, 2017. In that order, the Supreme Court granted that branch of the motion of the plaintiff's predecessor in interest, BAC Home Loan Servicing, L.P. (hereinafter BAC), which was for an order of reference upon the default of the defendant Margaret Howell, as trustee of the Margaret Howell Trust (hereinafter the trustee), as well as that branch of the motion which was to substitute Ditech Financial, LLC (hereinafter Ditech), as the plaintiff, and denied the trustee's cross motion, inter alia, to restore a previously withdrawn pre-answer motion to dismiss the complaint insofar as asserted against her individually, and to deem her answer timely served or for leave to serve a late answer, and, in effect, pursuant to CPLR 3211(a) to dismiss the complaint [*2]insofar as asserted against her.
On May 18, 2018, the trustee moved for leave to renew her opposition to BAC's motion, and her prior cross motion, asserting the affirmative defense of lack of standing. In support of her contention of lack of standing, she submitted the affidavit of an employee of Bank of America, N.A. (hereinafter BANA), Ditech's prior loan servicer. The BANA employee stated that BANA, rather than BAC, had possession of the note at the time this action was commenced. The plaintiff—now Ditech—opposed the trustee's motion.
On November 15, 2018, Ditech moved to confirm the referee's report and for a judgment of foreclosure and sale. The trustee then cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
In an order dated December 17, 2019, the Supreme Court (1) denied the trustee's motion for leave to renew her opposition to BAC's prior motion, inter alia, for an order of reference, and her prior cross motion, inter alia, to dismiss the complaint insofar as asserted against her, (2) denied her cross motion, among other things, to dismiss the complaint insofar as asserted against her, and (3) denied Ditech's motion to confirm the referee's report and for a judgment of foreclosure and sale, without prejudice to renewal upon proper proof.
We dismiss the appeal from so much of the order as, upon denying Ditech's motion to confirm the referee's report and for a judgment of foreclosure and sale, did so without prejudice to renewal upon proper proof, as the trustee is not aggrieved by that portion of the order (see CPLR 5511; Sodhi v 112 Park Enters., LLC, 147 AD3d 1000).
The Supreme Court providently exercised its discretion in denying the trustee's motion for leave to renew. The trustee's argument with respect to lack of standing would not have changed the outcome of BAC's prior motion, because the trustee was in default. Since the trustee never vacated her default, she is precluded from raising the affirmative defense of lack of standing (see Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026; US Bank N.A. v Dorestant, 131 AD3d 467, 469-470). RPAPL 1302-a, which allows a defendant in a foreclosure action to raise the issue of standing at any time, does not apply to a defaulting defendant (see GMAC Mtge., LLC v Coombs, 191 AD3d 37; Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1026). Here, the trustee failed to provide a reasonable excuse for her default.
The trustee's remaining contention is without merit.
Accordingly, we affirm the order insofar as reviewed.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and HINDS-RADIX, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court