U.S. Bank N.A. v Goldberger (2022 NY Slip Op 07474)

U.S. Bank N.A. v Goldberger

2022 NY Slip Op 07474

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-11633
 (Index No. 24946/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Herman Goldberger, appellant, et al., defendants.

The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Herman Goldberger appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 19, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 23, 2006, the defendant Herman Goldberger (hereinafter the defendant) executed a note in the amount of $397,500 in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage on certain real property located in Kings County.
On or about October 2, 2009, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. Although the defendant filed a notice of appearance, he did not make a pre-answer motion to dismiss or answer the complaint within the requisite time after service was complete. Consequently, it is undisputed that the defendant defaulted in the action (see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791). By notice of motion dated January 31, 2018, the plaintiff moved, inter alia, for an order of reference. In an order dated June 19, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
Contrary to the defendant's contention, "RPAPL 1302-a, which allows a defendant in a foreclosure action to raise the issue of standing at any time, does not apply to a defaulting defendant" (Ditech Fin., LLC v Howell, 201 AD3d 786, 788). Thus, since the defendant failed to provide any reasonable excuse for his default, he may not assert lack of standing as a basis for opposing the plaintiff's motion, inter alia, for an order of reference (see Ditech Fin., LLC v Howell, 201 AD3d at 788; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026). Likewise, the defendant may not raise "the plaintiff's alleged failure to comply with the notice provisions of RPAPL 1304 as a defense to [the plaintiff's motion]" (PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704; see Citimortgage, Inc. v Pierce, 203 AD3d 878).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court