Bank of N.Y. Mellon Trust Co., N.A. v Lagasse (2024 NY Slip Op 00889)

Bank of N.Y. Mellon Trust Co., N.A. v Lagasse

2024 NY Slip Op 00889

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-08869
 (Index No. 620372/18)

[*1]Bank of New York Mellon Trust Company, National Association, etc., respondent, 
v
Melissa J. Lagasse, et al., defendants, Fire Island, Associates, LLC, appellant.

Thomas J. Stock (Victor A. Carr, Mineola, NY, of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger and Brian J. Slipakoff of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fire Island, Associates, LLC, appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated October 28, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 23, 2005, the defendant Melissa J. Lagasse executed a note in the amount of $380,000 in favor of WMC Mortgage Corp. (hereinafter WMC). The note was secured by a mortgage on certain real property located in Suffolk County.
On October 19, 2018, the plaintiff, WMC's successor in interest, commenced the instant action to foreclose the mortgage against Lagasse and the defendant Fire Island, Associates, LLC (hereinafter Fire Island), among others. According to an affidavit of service of the plaintiff's process server, Fire Island was served by delivery of the summons and complaint to the Secretary of State on October 23, 2018.
Fire Island moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In an order dated April 4, 2019, the Supreme Court denied the motion and directed Fire Island to file an answer within 10 days of notice of entry of the order. Fire Island concedes that it filed notice of entry of the order on April 8, 2019, and did not file its answer until April 30, 2019—12 days late. The plaintiff served a notice of rejection of the late answer on May 2, 2019.
On or about August 6, 2020, the plaintiff moved, inter alia, for leave to enter a default judgment against Fire Island and for an order of reference. In opposition, Fire Island argued that the motion should be denied because the plaintiff failed to join unidentified tenants of the property as necessary parties to the action. In an order dated October 28, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for leave to enter a default [*2]judgment against Fire Island and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. Fire Island appeals.
"[W]here the plaintiff has demonstrated, prima facie, that a defendant is in default because he or she 'failed to appear' within the meaning of CPLR 3215(a), that defendant is generally precluded from raising any nonjurisdictional defense without first rebutting the prima facie showing of default and obtaining leave to serve a late answer" (Aurora Loan Servs., LLC v Jemal, 205 AD3d 661, 663). Here, the plaintiff demonstrated, and Fire Island concedes, that Fire Island was in default within the meaning of CPLR 3215(a). Furthermore, Fire Island failed to move to vacate its default, and failed to even offer any excuse for that default. Therefore, since Fire Island failed to rebut the prima facie showing of default and obtain leave to serve a late answer, Fire Island's default precludes its nonjurisdictional argument that the plaintiff failed to join necessary parties to the action (see Ditech Fin., LLC v Howell, 201 AD3d 786, 788).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against Fire Island and for an order of reference.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court