Citibank, N.A. v Boyce (2024 NY Slip Op 02038)

Citibank, N.A. v Boyce

2024 NY Slip Op 02038

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-09587
 (Index No. 21014/08)

[*1]Citibank, N.A., etc., respondent, 
v
Heather P. Boyce, etc., et al., appellants, et al., defendant.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta and Adam Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Heather P. Boyce and Sherwood L. Boyce appeal from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated December 21, 2021. The order granted the plaintiff's motion for leave to renew its opposition to the motion of the defendants Heather P. Boyce and Sherwood L. Boyce pursuant to RPAPL 1302-a, in effect, for determination of the plaintiff's standing, which had been granted to the extent of directing a hearing on the issue of the plaintiff's standing in an order of the same court dated September 17, 2021, and, upon renewal, denied those defendants' motion.
ORDERED that the order dated December 21, 2021, is affirmed, with costs.
In May 2008, the plaintiff commenced this action to foreclose a mortgage against the defendants Heather P. Boyce and Sherwood L. Boyce (hereinafter together the defendants), among others. The defendants failed to answer the complaint, and an order of reference was entered upon their default. Following protracted litigation and motion practice, the defendants' motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order of reference was denied in an order dated June 21, 2013. That determination was affirmed by this Court in a decision and order dated August 5, 2015, on the ground that the defendants failed to demonstrate a reasonable excuse for their default (see Citibank, N.A. v Boyce, 131 AD3d 439). Following additional litigation and motion practice, an order and judgment of foreclosure and sale was entered on June 25, 2019. The defendants' opposition to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale was rejected by the Supreme Court on the ground that the defendants had failed to vacate their default.
In March 2020, the defendants moved pursuant to RPAPL 1302-a, in effect, for a determination of the plaintiff's standing. In opposition, the plaintiff argued, inter alia, that the defendants' motion should be denied because they failed to vacate their default. In an order dated September 17, 2021, the Supreme Court granted the defendants' motion to the extent of directing a hearing on the issue of the plaintiff's standing. Subsequently, the plaintiff moved for leave to renew its opposition to the defendants' motion. In an order dated December 21, 2021, the court granted the plaintiff's motion for leave to renew and, upon renewal, denied the defendants' motion. The defendants appeal.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law, including a clarification of decisional law" (Sharan v Christiana Trust, 219 AD3d 1549, 1551 [internal quotation marks omitted]; see CPLR 2221[e][2]). Pursuant to RPAPL 1302-a, which became effective in December 2019, notwithstanding the provisions of CPLR 3211(e), "any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan . . . shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss" (see Citimortgage, Inc. v Rogers, 203 AD3d 1125, 1126). However, RPAPL 1302-a does not apply to a defaulting defendant (see U.S. Bank N.A. v Goldberger, 211 AD3d 1077, 1078; Ditech Fin., LLC v Howell, 201 AD3d 786, 788; see also Wells Fargo Bank, N.A. v Davis, 216 AD3d 704, 706). Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to renew and, upon renewal, denied the defendants' motion.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court