U.S. Bank NA.. v Callegari-Orlando (2024 NY Slip Op 05366)

U.S. Bank NA.. v Callegari-Orlando

2024 NY Slip Op 05366

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2019-08501
2020-03934
 (Index No. 601508/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Gina L. Callegari-Orlando, etc., appellant, et al., defendants.

Callegari Law, P.C., Bay Shore, NY (Dominick J. Callegari of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Gina L. Callegari-Orlando appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 15, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated January 31, 2020. The order, insofar as appealed from, denied those branches of that defendant's motion which were (1), in effect, for leave to renew her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer and affirmative defenses, and for an order of reference, which had been granted in an order of the same court dated December 15, 2017, and (2) to vacate the order dated December 15, 2017. The order and judgment of foreclosure and sale granted the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.

DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from the order dated May 15, 2019, on the ground that the right of direct appeal from that order terminated upon the entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated August 28, 2020, that branch of the plaintiff's motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order dated May 15, 2019, is granted; and it is further,
ORDERED that the appeal from the order dated May 15, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2015, the plaintiff commenced this action against the defendant Gina L. Callegari-Orlando (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant interposed an answer asserting denials and several affirmative defenses, including that the plaintiff failed to comply with conditions precedent to commencement of the action.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. In an order dated December 15, 2017 (hereinafter the December 2017 order), the Supreme Court, among other things, granted the plaintiff's motion as unopposed, determining that the defendant's opposition was untimely.
The defendant thereafter moved, in effect, for leave to renew her opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer and affirmative defenses, and for an order of reference, and to vacate the December 2017 order. By order dated May 15, 2019 (hereinafter the May 2019 order), the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals from the May 2019 order.
The plaintiff thereafter moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale dated January 31, 2020, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals from the order and judgment of foreclosure and sale.
The appeal from the May 2019 order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the May 2019 order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The defendant was required to vacate her default prior to raising nonjurisdictional defenses, including that the plaintiff failed to comply with RPAPL 1304 (see U.S. Bank N.A. v Black, 209 AD3d 790, 791). Here, as the Supreme Court properly determined, the defendant failed to establish grounds to vacate her default in opposing those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer and affirmative defenses, and for an order of reference. "Since the defendant failed to vacate her default, she was precluded from asserting defenses based on lack of standing and failure to comply with RPAPL . . . 1304" (Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 877, citing U.S. Bank N.A. v Goldberger, 211 AD3d 1077, 1078).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court