Ditech Fin., LLC v Mendonez (2025 NY Slip Op 01355)

Ditech Fin., LLC v Mendonez

2025 NY Slip Op 01355

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-07560
 (Index No. 5296/14)

[*1]Ditech Financial, LLC, etc., respondent,
v
Michael B. Mendonez, Jr., etc., et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellants.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael B. Mendonez, Jr., and Gracia T. Mendonez appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered July 6, 2022. The order denied those defendants' cross-motion to vacate an order of the same court (Thomas A. Adams, J.) dated December 9, 2015, granting the plaintiff's motion, inter alia, for an order of reference, and an order of the same court (Thomas A. Adams, J.) dated March 1, 2017, granting the plaintiff's motion, among other things, for a judgment of foreclosure and sale.
ORDERED that the order entered July 6, 2022, is affirmed, with costs.
In this action to foreclose a mortgage, it is undisputed that the defendants Michael B. Mendonez, Jr., and Gracia T. Mendonez (hereinafter together the defendants) failed to appear or answer the complaint. In an order dated December 9, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. In an order dated March 1, 2017, the court granted the plaintiff's motion, among other things, for a judgment of foreclosure and sale.
In August 2021, the plaintiff moved, inter alia, for an order appointing a substitute referee. In September 2021, the defendants opposed the plaintiff's motion and cross-moved to vacate the orders dated December 9, 2015, and March 1, 2017, on the ground that, pursuant to recently enacted RPAPL 1302-a, the defendants have a valid defense to the action based on the plaintiff's lack of standing. The Supreme Court granted the plaintiff's motion in an order entered April 21, 2022, and denied the defendants' cross-motion in an order entered July 6, 2022. The defendants appeal from the order entered July 6, 2022.
Contrary to the defendants' contention, "RPAPL 1302-a, which allows a defendant in a foreclosure action to raise the issue of standing at any time, does not apply to a defaulting defendant" (Ditech Fin., LLC v Howell, 201 AD3d 786, 788; see Citibank, N.A. v Boyce, 226 AD3d 867, 867; U.S. Bank N.A. v Goldberger, 211 AD3d 1077, 1078). Since the defendants never vacated their default, they are precluded from raising the affirmative defense of lack of standing (see Citibank, N.A. v Boyce, 226 AD3d at 867; Ditech Fin., LLC v Howell, 201 AD3d at 788). [*2]Accordingly, the Supreme Court properly denied the defendants' cross-motion to vacate the orders dated December 9, 2015, and March 1, 2017 (see U.S. Bank N.A. v Ashon, 226 AD3d 941, 943).
In light of the foregoing, we need not reach the defendants' remaining contention.
CHAMBERS, J.P., BRATHWAITE NELSON, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court