US Bank N.A. v Eisler (2025 NY Slip Op 02236)

US Bank N.A. v Eisler

2025 NY Slip Op 02236

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-07176
 (Index No. 101398/06)

[*1]US Bank National Association, etc., respondent,
v
Doreen Eisler, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Reed Smith LLP, New York, NY (James N. Faller and Andrew B. Messite of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Doreen Eisler appeals from an order of the Supreme Court, Richmond County (Lisa Grey, J.), dated September 30, 2021. The order denied that defendant's motion, inter alia, in effect, to vacate a judgment of foreclosure and sale of the same court (Kim Dollard, J.) dated September 5, 2017, and for leave to renew that defendant's cross-motion, among other things, to vacate an order of the same court (Kim Dollard, J.) dated November 12, 2014, and to dismiss the complaint insofar as asserted against her.
ORDERED that the order dated September 30, 2021, is affirmed, with costs.
On April 6, 2001, the defendant Doreen Eisler (hereinafter the defendant) executed a note in the amount of $225,350 in favor of Alliance Funding. The note was secured by a mortgage on certain real property located in Staten Island.
On May 1, 2006, Olympus Servicing, L.P. (hereinafter Olympus), Alliance Funding's purported successor in interest, commenced the instant action against the defendant, among others, to foreclose the mortgage. In an order dated November 12, 2014 (hereinafter the order of reference), the Supreme Court granted the motion of US Bank National Association (hereinafter US Bank), inter alia, to substitute itself as the plaintiff in this action, to vacate a prior order of reference, and for a new order of reference based upon the defendant's default in answering the complaint.
On July 5, 2016, US Bank moved for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, among other things, to vacate the order of reference and to dismiss the complaint insofar as asserted against her, inter alia, on the ground that US Bank lacked standing. In an order dated January 26, 2017, the Supreme Court granted US Bank's motion and denied the defendant's cross-motion (see US Bank N.A. v Eisler, 188 AD3d 1288). In a judgment of foreclosure and sale dated September 5, 2017, the Supreme Court confirmed the referee's report and directed the sale of the subject premises. The defendant appealed, and in a decision and order dated November 25, 2020, this Court affirmed the judgment of foreclosure and sale (see id.). This Court held, in relevant part, that, "[a]lthough the defendant did not waive the defense of lack of standing (see RPAPL 1302-a), the defendant failed to set forth a reasonable excuse [*2]for her default, and thus, we agree with the Supreme Court's determination to grant the plaintiff's motion for an order of reference" (US Bank N.A. v Eisler, 188 AD3d at 1289 [citations omitted]).
On May 11, 2021, the defendant moved, among other things, in effect, to vacate the judgment of foreclosure and sale and for leave to renew her cross-motion, inter alia, to vacate the order of reference and to dismiss the complaint insofar as asserted against her. The defendant contended that the then newly enacted RPAPL 1302-a, which allows a defendant in a foreclosure action to raise the issue of standing at any time, represented a change in the law that justified renewal. In opposition, US Bank contended that, even though RPAPL 1302-a allowed the defendant to raise the issue of standing at any time, she was still required to vacate her default prior to doing so and that she had failed to vacate her default. In an order dated September 30, 2021, the Supreme Court denied the defendant's motion. The defendant appeals.
The Supreme Court properly denied the defendant's motion, among other things, in effect, to vacate the judgment of foreclosure and sale and for leave to renew her cross-motion, inter alia, to vacate the order of reference and to dismiss the complaint insofar as asserted against her. Pursuant to CPLR 2221(e)(2), a motion for leave to renew "shall demonstrate that there has been a change in the law that would change the prior determination." Here, the court properly concluded that the enactment of RPAPL 1302-a did not constitute a change in the law that would change the prior determination. "RPAPL 1302-a, which allows a defendant in a foreclosure action to raise the issue of standing at any time, does not apply to a defaulting defendant" (Ditech Fin., LLC v Howell, 201 AD3d 786, 788; see Wells Fargo Bank, N.A. v Davis, 216 AD3d 704, 706; US Bank N.A. v Eisler, 188 AD3d at 1289).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court